[No. 258-3.    Division Three.    May 21, 1971.]

*In the Matter of the Estate of* RICHARD BOYD. SADIE BOYD, *Appellant,* v. THE OLD NATIONAL BANK, *Respondent.*

*Gordon L. Bovey* (of *Bovey & Vovos*), for appellant.

*E. Glenn Harmon* (of *Witherspoon, Kelley, Davenport & Toole*) and *William J. Grant* (of *Dellwo, Rudolf & Grant*), for respondent.

Munson, C.J.—The primary issue determinative of this appeal is whether the relation-back theory of CR 17(a)[1] may be used to retroactively toll the 4-month statute of limitations for bringing will contests (RCW 11.24.010) when a petition is brought by a non-interested party upon the advice of counsel and is subsequently sought to be amended to bring in the proper parties. We answer in the negative.

Richard Boyd, grandson of petitioner Sadie Boyd, died testate on January 19, 1969. The will was admitted to probate January 29, 1969. Within the statutory period petitioner sought to have the will set aside. The only heirs under the statute of descent and distribution, if Richard Boyd had died intestate, were a niece and nephew who were not parties to the petition.

On September 8, 1969, after the 4-month period had elapsed, the Old National Bank as executor filed a motion for summary judgment of dismissal alleging Sadie Boyd was not an interested party as required by law.[2] *In re Estate of O'Brien*, 13 Wn.2d 581, 126 P.2d 47 (1942). In answer, on September 17, 1969 petitioner filed an amended petition including the niece and nephew as petitioners. On September 19, 1969 petitioner moved the trial court to allow her to so amend the petition. The trial court subsequently denied the motion and granted the executor's motion.

Error is assigned to: (1) the granting of the executor's motion for summary judgment; (2) the dismissal of the

[1]The pertinent portion of CR 17(a) states: "Every action shall be prosecuted in the name of the real party in interest. . . . No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest."

[2]Both counsel agree that petitioner is not an interested party within the purview of RCW 11.24.010. See RCW 11.02.005(4); RCW 11.04.015.

petition to set aside the will; and (3) the trial court's failure to treat the motion for summary judgment as a motion to dismiss, thereby bringing into play the relation-back doctrine of CR 17(a). No error is assigned to the denial of petitioner's motion to amend.

■ As observed in 6 J. Moore, Federal Practice ¶ 56.03 at 2051 *et seq.* (2d ed. 1965):

> The tenor of Rule 56 indicates that the summary judgment procedure deals with the merits; and that if granted in favor of a claimant it affirmatively adjudges the merits of the claim and if in favor of the defendant the judgment is in bar *and not in abatement.* . . .
>
> Matter in bar is that which is sufficient to prevent a meritorious recovery on a claim. Res judicata, release, statute of frauds, statute of limitations and laches are examples of affirmative defenses that bar the claimant's recovery.
>
> Matter in abatement, on the other hand, only results in a dismissal of the action . . . The following illustrate[s] matter in abatement: . . . *incapacity of a party to sue;* . . .
>
> Matter in abatement should normally be raised by a pre-pleading motion or in the responsive pleading in accordance with Rule 12(b) and not by a motion for summary judgment. . . . Similarly, an objection as to defect of parties cannot properly be raised by a motion for summary judgment.

(Footnotes omitted. Italics ours.)

Although the executor's motion is for summary judgment of dismissal, its label is unimportant (*Navios Corp. v. National Maritime Union of America,* 236 F. Supp. 657 (E.D. Pa. 1964)); the trial court should have considered it as a motion to dismiss under CR 12(b). Its failure to do so, however, is not reversible error.

The second and third assignments of error shall be considered together inasmuch as they both involve the applicability of CR 17(a) to the present case. As previously stated Sadie Boyd, although she appeared within the time limitation of RCW 11.24.010, was not an interested party. Neither the niece nor the nephew appeared during the 4-month

time period. The amended petition was not filed until 6½ months after the original petition, and then not at the direction of either heir by intestacy but by Sadie Boyd. Under the evidence adduced at a discovery proceeding prior to the hearing on petitioner's and executor's motions, Sadie Boyd stated she had not brought this action on behalf of, or under the authority of, or for the use of, the niece or nephew. At the time of the trial court's hearing on the motions, there was nothing before it which evidenced a desire on the part of the niece or nephew to institute a will contest or acquiesce in petitioner's action. It was only after the trial court's memorandum opinion was filed on December 15, 1969 that the affidavits of the niece and nephew, identical in language and bearing verification dates of September 13, 1969, were submitted to the court. The affidavits stated the affiants had knowledge that Sadie Boyd was bringing the action to contest the will and that they concurred therewith. The affidavits further stated petitioner was the matriarch of the Boyd family and under Indian custom handled their affairs. These statements are contrary to petitioner's previous admissions. Consequently, they created a question concerning their credibility which the trial court rejected.

Were it not for CR 17(a) we would hold the niece and nephew to have waived their right to contest the will and summarily affirm the trial court's dismissal. As observed in 3A J. Moore, Federal Practice ¶ 17.15-1 at 603 (1967), the purpose of CR 17(a) is to expedite litigation so as not to allow narrow constructions or technicalities to interfere with the merits of a legitimate controversy. In the instant case, however, the real parties in interest have done nothing to perfect their right to contest the Boyd will prior to the expiration of the 4-month period for contesting the will. Our examination of the record compels us to agree with the implicit conclusions of the trial court that Sadie Boyd, solely in her capacity as grandmother, desired to challenge the will, that she had no standing to do so, and

consequently her action was a nullity.[3] The petition being a nullity from its inception, Sadie Boyd's subsequent actions in filing an amended petition naming the proper parties as additional petitioners, filing a motion to allow said amendment and filing her notice of appeal from the denial of her motion could not remedy the original defect. Nothing was done by the niece and nephew until after the trial court's memorandum opinion. The trial court rejected their subsequently filed affidavits as ostensibly lacking in credibility. We see no reason to accord them otherwise. Hence there is no ratification, joinder or substitution shown.

Even if the record disclosed otherwise, the Notes of Advisory Committee on Rules, 28 U.S.C. Rule 17 (Supp. 1971) expressly admonishes that CR 17(a) should not be misunderstood or distorted, that "[i]t is intended to prevent forfeiture when determination of the proper party to sue is difficult or when an understandable mistake has been made." *Levinson v. Deupree*, 345 U.S. 648, 97 L. Ed. 1319, 73 S. Ct. 914 (1953); *Link Aviation, Inc. v. Downs*, 325 F.2d 613 (D.C. Cir. 1963); *Wallis v. United States*, 102 F. Supp. 211 (E.D. N.C. 1952). There is no difficulty in determining the proper party or understandable mistake in the present case, but rather the improper legal conclusion that petitioner was an interested party capable of bringing the will contest. Therefore, the remedial relation-back doctrine of CR 17(a) is not available. *Cf. Hobbs v. Police Jury of Morehouse Parish*, 49 F.R.D. 176 (W.D. La. 1970).

Petitioner urges this court to consider the affidavits of the niece and nephew as evidence of an assignment of their claim to her. Not only was this theory not presented to the trial court, but we find in the record only evidence that petitioner did not regard herself as an assignee of such right.

---

[3]*Cf. Richard v. Slate*, 239 Ore. 164, 396 P.2d 900, 902 (1964); *Forehand v. Hall*, 355 S.W.2d 940 (Mo. 1962); *Gravier v. Gluth*, 163 Ohio St. 232, 126 N.E.2d 332 (1955).

Although the trial court granted the executor's motion under the wrong rule, the petition was properly dismissed. Judgment affirmed.

GREEN and EVANS, JJ., concur.