[No. 939-2.    Division Two.    November 1, 1973.]

*In the Matter of the Estate of* EDNA CRANE, *Deceased.*
JEAN GRAY, *Appellant,* v. PACIFIC NATIONAL
BANK OF WASHINGTON, *Respondent.*

*Wayne B. Knight* (of *Stouffer & Knight*), for appellant.

*Martin L. Potter* (of *Potter & Ruff*), for respondent.

ARMSTRONG, J.—Plaintiff, Jean Gray, commenced this appeal from a dismissal of her petition contesting the will of the decedent, Edna Crane. The sole issue raised by the appeal is whether the trial court erred in granting the dismissal on the ground that the plaintiff, Jean Gray, was not an "interested party."[1] We hold that the petition should not have been dismissed.

<hr />

[1] RCW 11.24.010 provides: "Contest of admission or rejection—Limitation of action—Issues. If any person *interested* in any will shall appear within four months immediately following the probate or rejec-

The facts indicate that the decedent died February 18, 1972, and left surviving only one heir-at-law, a sister, Lucile C. Erickson. Plaintiff Jean Gray is the daughter of Lucile C. Erickson, and niece of the decedent.

On April 26, 1972, plaintiff filed a petition for revocation of the last will and testament of the deceased, which was within the statutory 4-month period from the date the will was admitted to probate. RCW 11.24.010. In her petition plaintiff alleged that she was "interested" in the last will and testament of Edna Crane, deceased.

Plaintiff also alleged that by testimony of herself, and of two doctors, she could establish that at the time of the execution of decedent's will, the decedent was not of sound and disposing mind, was not aware of her natural bounty, and was, in fact, incompetent.

Plaintiff does not contend that she is interested as an heir of the testator, or as a legatee or devisee under a prior will. *See In re Estate of O'Brien,* 13 Wn.2d 581, 126 P.2d 47 (1942); RCW 11.02.005; RCW 11.04.015. Instead, plaintiff asserted in an affidavit filed on October 5, 1972, after the expiration of the 4-month period, that she had the right to receive, first verbally, and then in writing, all of the right, title and interest, if any, of Lucile C. Erickson. An affidavit of Lucile C. Erickson, in support of plaintiff's petition, also filed on October 5, 1972, recites that Jean Gray was informed and knew that she was to receive any and all interest that Lucile C. Erickson might receive from the estate.

It has been recognized since at least 1913 that in this

tion thereof, and by petition to the court having jurisdiction contest the validity of said will, or appear to have the will proven which has been rejected, he shall file a petition containing his objections and exceptions to said will, or to the rejection thereof. Issue shall be made up, tried and determined in said court respecting the competency of the deceased to make a last will and testament, or respecting the execution by a deceased of such last will and testament under restraint or undue influence or fraudulent representations, or for any other cause affecting the validity of such will.

"If no person shall appear within the time aforesaid, the probate or rejection of such will shall be binding and final." (Italics ours.)

state, an heir's right to contest a will is an assignable right. *Ingersoll v. Gourley*, 72 Wash. 462, 130 P. 743 (1913). There is considerable authority to the same effect in many other jurisdictions as well. For example, a recent annotation, which directs attention to the *Ingersoll* case, collects the opinions from 16 jurisdictions considering the right of an heir's assignee to contest the will of a decedent. Annot., 39 A.L.R.3d 696 (1971). However, nowhere in the affidavits in support of plaintiff's petition is there anything indicating that an assignment from Lucile C. Erickson to Jean Gray was effected prior to the expiration of the 4-month statutory period. On the contrary, Lucile C. Erickson filed her own petition contesting the decedent's will on September 25, 1972, in which she averred that she was interested in the estate of the deceased. This tends to create an inference that she had not assigned away her rights at any time prior to September 25, 1972, which is approximately two months after the limitations period had expired.

█ Despite the fact that plaintiff's affidavits were insufficient to establish her status as an interested party within the statutory period via an assignment of the rights of Lucile C. Erickson, we nevertheless conclude that the action was improperly dismissed.

CR 17 (a) provides, in part, as follows:

No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

Here the facts show that the executor of the will objected to plaintiff's lack of capacity by filing a motion to dismiss the contest on September 26, 1972. On October 5, 1972, 10 days later, Lucile C. Erickson filed both an affidavit in support of the petition of Jean Gray, and a written assignment to Jean Gray of her right to receive as

heir. It is hard to imagine any stronger or more substantial evidence showing ratification by Lucile C. Erickson of the commencement of this action by Jean Gray.

In granting the motion to dismiss plaintiff's petition, the trial court referred to *In re Estate of Boyd*, 5 Wn. App. 32, 485 P.2d 469 (1971). There the court held the remedial relation-back doctrine of CR 17(a) was unavailable to the petitioner in that will contest. However, the court in the *Boyd* case noted that the amended petition which included the only two interested parties was not filed until 6½ months after the original petition, and then not at the direction of the interested parties, but by the original petitioner. Furthermore, the court noted that at the time of the trial court's hearing on the dismissal motion, there was nothing before it which evidenced a desire on the part of the interested parties to institute a will contest or acquiesce in the petitioner's action.

In this case the record before the trial court plainly showed that the interested party, Lucile C. Erickson, desired to contest the will, and plainly showed that she acquiesced in, and ratified, the commencement of this action by the plaintiff, Jean Gray. We therefore hold that it was error for the trial court to dismiss this action for lack of prosecution by an interested party within the 4-month period.

██ In so holding, we point out that the purpose of CR 17(a) is to expedite litigation so as not to allow narrow constructions or technicalities to interfere with the merits of a legitimate controversy. *In re Estate of Boyd, supra* at 35. It might be argued that will contests should not be encouraged. This argument may be sound to the extent of requiring clear, cogent and convincing evidence of undue influence in the actual trial of a will contest case. *Cf. In re Estate of Burkland*, 8 Wn. App. 153, 504 P.2d 1143 (1972). However, we agree with the court in *Ingersoll v. Gourley, supra*, that such an argument should not be used to entirely close the courts to litigants with a bona fide claim.

Reversed and remanded.

PEARSON, C.J., and PETRIE, J., concur.

Petition for rehearing denied November 27, 1973.

Review denied by Supreme Court January 24, 1974.