[No. 2658–3. Division Three. February 21, 1979.]

VIRGIL L. FOX, ET AL, *Appellants,* v. ERNEST H. SACKMAN, ET AL, *Respondents.*

*Collins & Clark* and *W. Michael Clark,* for appellant.

*McNally & Stewart* and *Fred L. Stewart,* for respondent.

McINTURFF, J.—The plaintiffs, Mr. and Mrs. Fox, here-inafter Mr. Fox, appeal the reversal of an oral judgment awarding damages to them based upon the defendants', Mr. and Mrs. Sackman, hereinafter Mr. Sackman, objection that the action was not prosecuted by the real party in interest under CR 17(a).

Mr. Fox brought an action against Mr. Sackman to quiet title to real estate in Stevens County. Mr. Fox also sought to recover damages for trespass and destruction of property. Mr. Sackman counterclaimed and cross–claimed to quiet title against Mr. Fox and other owners of record, including Country Villa Mobile Park (Country Villa), a limited partnership. Mr. Fox is the general partner of Country Villa.

The court granted relief to both parties. Title was quieted in Mr. Sackman, but Mr. Fox was awarded $3,812 as damages for destruction to his property. Mr. Sackman moved for reconsideration or in the alternative for a new trial on the ground that Country Villa, not Mr. Fox, was the real party in interest. Mr. Fox had conveyed the property in question to Country Villa, thus the limited partner-ship was the true owner of the property. As the general partner, Mr. Fox asked the court to permit him to ratify, on behalf of the partnership, his commencement of the action in his individual capacity. He submitted the affidavit of

Carl L. Staley, sole limited partner of Country Villa, who ratified commencement of the action by Mr. Fox. The court denied the motion to ratify and dismissed the action, thus reversing its prior decision awarding damages in favor of Mr. Fox.

 First, we review the court's determination that Mr. Fox was not the real party in interest. The real party in interest rule, CR 17(a), provides in part:

> Every action shall be prosecuted in the name of the real party in interest. . . . *a party authorized by statute may sue in his own name* without joining with him the party for whose benefit the action is brought.

(Italics ours.) RCW 25.08.260 provides:

> A contributor, *unless he is a general partner,* is not a proper party to proceedings by or against a partnership, except where the object is to enforce a limited partner's right against or liability to the partnership.

(Italics ours.) Therefore, only the general partner is authorized to bring actions on behalf of the limited partnership. *Lieberman v. Atlantic Mut. Ins. Co.,* 62 Wn.2d 922, 927, 385 P.2d 53 (1963). Here, Mr. Fox is the sole general partner of Country Villa, the limited partnership. The right to bring suit on behalf of the limited partnership is vested in him by statute. Accordingly, under CR 17(a), Mr. Fox is the real party in interest and, therefore, the court erred in dismissing his cause of action.

Modern rules of procedure are intended to allow the court to reach the merits, as opposed to disposition on technical niceties.[1] CR 17(a) is designed to expedite litigation—not to allow narrow constructions or technicalities to interfere with the merits of a legitimate controversy.[2] Here, the court originally awarded Mr. Fox $3,812 in damages for

---

[1]*See* CR 17(a); CR 21; CR 60; RAP 1.2(a); *Rydman v. Martinolich Shipbuilding Corp.,* 13 Wn. App. 150, 152–53, 534 P.2d 62 (1975).

[2]*In re Estate of Crane,* 9 Wn. App. 853, 856, 515 P.2d 552 (1973); *In re Estate of Boyd,* 5 Wn. App. 32, 35, 485 P.2d 469 (1971); 3A J. Moore, *Federal Practice* ¶ 17.15–1 (2d ed. 1978).

injury to property. Its subsequent dismissal of the action for failure to join the real party in interest was in direct opposition to its oral decision rendered after a trial on the merits. To allow a technicality to interfere with the merits of this case is to do what CR 17(a) was intended to avoid.

The remaining portion of CR 17(a) provides:

> No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

Under this rule, a party is allowed a reasonable time in which to either (1) join the real party in interest; or (2) obtain ratification of commencement of the action by the real party in interest. CR 17(a) is intended to prevent forfeiture when a determination of the proper party to sue is difficult or when an understandable mistake has been made. *In re Estate of Boyd,* 5 Wn. App. 32, 36, 485 P.2d 469 (1971). Mr. Fox' failure to clarify his capacity as a general partner was an understandable mistake. Previously, he had been the record owner of the property, and as the sole general partner of the limited partnership he alone was the manager of that property. When Mr. Fox produced the ratifying affidavit of the sole limited partner and sought to clarify the capacity in which he brought this action, as a general partner, the court's refusal to allow ratification was error.[3]

■ Mr. Sackman argues that CR 17(a) should not be applied where there has already been a trial on the merits. He claims he will be prejudiced if Mr. Fox' complaint is amended at this time. We disagree. Under the real party in interest rule, a reasonable time *after objection* is allowed to obtain joinder or ratification by the real party in interest.

---

[3] *In re Estate of Crane, supra; James S. Black & Co. v. F.W. Woolworth Co.,* 14 Wn. App. 602, 604, 544 P.2d 112 (1975).

Mr. Sackman did not make his objection until after the trial. Nor, as contended by Mr. Sackman, is there a danger that he will be exposed to a second lawsuit. No new parties are being introduced to this action. Mr. Fox is still the party–plaintiff. As the sole general partner of a limited partnership, Mr. Fox alone is authorized by statute to bring suit on behalf of the limited partnership.[4]

Mr. Sackman also argues that amendment of the complaint at this time will be prejudicial because he will not have been allowed an adequate opportunity to conduct pretrial discovery. He contends that had the amendment taken place earlier, he would have conducted an investigation into the details of the limited partnership's activities. We find little merit in this argument inasmuch as Mr. Sackman was aware of the existence and status of Country Villa prior to trial as evidenced by his answer, counterclaim and cross claim, which named Country Villa and others as defendants.

Furthermore, we fail to understand how Mr. Sackman has been prejudiced since the court granted him judgment in accordance with his only prayer, *i.e.*, title to the property was quieted in him. Additionally, the affidavits submitted by Mr. Fox and Mr. Staley, which indicate that Mr. Fox is the only general partner and Mr. Staley is the only limited partner, remain uncontroverted. We also do not understand the contention of Mr. Sackman that he did not know which partnership act the partnership was formed under. Exhibit A, the partnership agreement, states it was formed under chapter 25.08, the Uniform Limited Partnership Act.

Mr. Sackman states that he might also wish to depose the limited partners for purposes of determining the nature and extent of damages. The extent and nature of damages were determined after a full hearing before the court. Who suffered the damages, whether Mr. Fox personally, or the limited partnership, is immaterial in relation to the amount of damages. Even if we were to regard this as a legitimate

---

[4]RCW 25.08.260; *Lieberman v. Atlantic Mut. Ins. Co., supra.*

contention, the remedy is not dismissal. Any prejudice to Mr. Sackman could be averted through application of CR 59(g).[5] A motion could be made to reopen the judgment for the taking of additional testimony necessary for any defense urged by Mr. Sackman.

Since the Superior Court erred in dismissing this action, it is remanded to that court so the complaint may be amended to reflect that this action was brought by Mr. Fox in his capacity as a general partner of the limited partnership, Country Villa Mobile Park. Thereafter, judgment should be entered in conformity with the original oral opinion of the court, awarding $3,812 as damages to Mr. Fox.

GREEN, C.J., and ROE, J., concur.

---

[5]On a motion for a new trial in an action tried without a jury, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment.