[No. 8520–8–II.   Division Two.   February 25, 1987.]

LEROY E. FITCH, ET AL, *Plaintiffs,* ESTHER BENNETT, *Respondent,* v. JOHNS–MANVILLE CORPORATION, ET AL, *Petitioners.*

*Robert C. Manlowe, Williams, Kastner & Gibbs, Lisa J. Gilden,* and *Garvey, Schubert, Adams & Barer,* for petitioners.

*Yvonne Huggins–McLean* and *Schroeter, Goldmark & Bender,* for respondent.

WORSWICK, J.—Merton E. Bennett died in 1970; his widow was appointed personal representative of his estate. The estate was closed in due course, and Mrs. Bennett was discharged as personal representative. In 1981, she brought this action against several asbestos manufacturers for the wrongful death of her husband. Although she purported to sue in her capacity as personal representative, she did not seek reappointment.

The defendants affirmatively pleaded Mrs. Bennett's lack of capacity to sue, and also submitted interrogatories asking her for details relating to her appointment. She still did not seek reappointment. Finally, after the statute of limitations had run on the wrongful death claim, the defendants moved for summary judgment. Mrs. Bennett then promptly sought and obtained reappointment as personal representative, and the trial court thereafter denied the motion. We accepted discretionary review on the defendants' application and now affirm, holding that the trial court properly applied CR 17(a).

It is undisputed that this action can only be maintained by the personal representative of Mr. Bennett's estate. *See Huntington v. Samaritan Hosp.,* 101 Wn.2d 466, 680 P.2d 58 (1984). It is also undisputed that the statute of limitations had run on the claim when the defendants brought their motion. *See Sahlie v. Johns–Manville Sales Corp.,* 99

Wn.2d 550, 663 P.2d 473 (1983). Therefore, we need concern ourselves only with the language of CR 17(a), which states:

**Real Party in Interest.** Every action shall be prosecuted in the name of the real party in interest. An executor, administrator, guardian, bailee, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in his own name without joining with him the party for whose benefit the action is brought. No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed *after objection* for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

(Italics ours.) The defendants essentially argue that they put Mrs. Bennett on notice of the problem—and "objected"—by pleading affirmative defenses and submitting interrogatories.[1] We disagree.

The purpose of CR 17(a) is to protect an adverse party from subsequent claims of third parties. *Eastlake Constr. Co. v. Hess,* 33 Wn. App. 378, 655 P.2d 1160 (1982), *modified,* 102 Wn.2d 30, 686 P.2d 465 (1984). Also, it is designed to expedite litigation, not to afford a technical shield whereby a trial on the merits can be avoided. *See Fox v. Sackman,* 22 Wn. App. 707, 591 P.2d 855 (1979); *In re Estate of Crane,* 9 Wn. App. 853, 515 P.2d 552, (1973) *review denied,* 83 Wn.2d 1006 (1974); *In re Estate of Boyd,* 5 Wn. App. 32, 485 P.2d 469 (1971). Had the drafters intended that notice of a mistake, in whatever form, would trigger the reasonable time allowed by the rule for correction, they could have said so; they did not. Instead, they used the word "objection." Considering the purposes of the

---

[1]The defendants also invite us to consider other rules, particularly CR 15(c), to aid our interpretation of CR 17(a). We see no need for this. CR 17(a) is self-contained and clear.

rule, we conclude—and hold—that "objection" means a positive step to bring the matter before the court so that the mistake can be corrected. *See Ponca City Bldg. & Loan Co. v. Graff,* 189 Okla. 410, 117 P.2d 514 (1941). The motion qualified as an objection; the interrogatories and affirmative defenses did not.

Under CR 17(a), Mrs. Bennett had a reasonable time after the "objection" (motion) to correct the mistake. She corrected it promptly; under the plain language of the rule, the correction related back to the commencement of the action.

Affirmed.

REED, C.J., and PETRICH, J., concur.

Review denied by Supreme Court July 1, 1987.