[No. 43753-4-I. Division One. August 30, 1999.]

PATRICIA SPRAGUE, *Appellant*, v. SYSCO CORPORATION, ET AL., *Respondents*.

*Sevilla C. Clayton* and *Judith A. Lonnquist* of *Law Offices of Judith A. Lonnquist, P.S.*, for appellant.

*Lisa J. Oman* and *Richard John Omata* of *Karr Tuttle Campbell*, for respondents.

WEBSTER, J. — Appellant Patricia Sprague appeals the trial court's order denying her motion under CR 17(a) to substitute her bankruptcy trustee as plaintiff in her discrimination action against Respondent Sysco Corporation with relation back to the filing of the original complaint. We find that CR 17(a) allows Sprague, a debtor-plaintiff, to substitute her bankruptcy trustee with relation back to the original filing because Sysco will not be prejudiced and the only change that will result from the amendment is who will benefit from the action. Thus, we reverse.

## BACKGROUND

Sprague worked for Sysco from March 1993 to March

1994. She claims that she was sexually harassed while in Sysco's employ.

Sprague filed a Chapter 7 bankruptcy proceeding in November 1994, before filing a discrimination suit. She states in her declaration that she informed her bankruptcy attorney about the harassment and told him that she had decided against bringing a lawsuit because she could not afford an attorney. She did not list any potential claim against Sysco in her bankruptcy schedules. The bankruptcy court granted a discharge in March 1995.

In March 1996, assisted by counsel, Sprague filed a discrimination suit against Sysco. The action named Sprague as the only plaintiff. She claimed her attorney fees and costs for her bankruptcy filing as part of her damages.

In June 1997, after the statute of limitations period had expired on the discrimination action, Sysco moved to dismiss on the grounds that Sprague lacked standing, arguing that unscheduled assets neither administered nor abandoned remain property of the bankruptcy estate and only the bankruptcy trustee has the capacity to bring a claim belonging to the bankruptcy estate. The trial court reserved ruling while the bankruptcy was reopened. After the bankruptcy was reopened, Sprague moved under CR 17(a) to substitute the trustee as plaintiff in the discrimination action. On April 21, 1998, the trial court denied Sprague's motion to substitute the trustee and granted Sysco's motion to dismiss.

## STANDARD OF REVIEW

■ Decisions regarding application of civil rules are reviewed for an abuse of discretion. *See, e.g., Ino Ino, Inc. v. City of Bellevue*, 132 Wn.2d 103, 142, 937 P.2d 154 (1997) (applying an abuse of discretion standard to a trial court's decision to deny leave to amend a complaint under CR 15(a)), *cert. denied*, 522 U.S. 1077, 139 L. Ed. 2d 755 (1998); *see also Scheufler v. General Host Corp.*, 126 F.3d 1261, 1270 (10th Cir. 1997) (an abuse of discretion standard is applied to a trial court's decision to allow joinder of a real

party in interest under Federal Rule of Civil Procedure 17(a)).

## ANALYSIS

A. CR 17(a)

CR 17(a) provides:

> Every action shall be prosecuted in the name of the real party in interest. An executor, administrator, guardian, bailee, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in his own name without joining with him the party for whose benefit the action is brought. No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

██ ██ CR 17(a) is identical to Federal Rule of Civil Procedure 17(a). Thus, analysis of the federal rule may be looked to for guidance and followed if the reasoning is persuasive. *See Beal v. City of Seattle*, 134 Wn.2d 769, 777, 954 P.2d 237 (1998).

The modern function of the rule is "to protect the defendant against a subsequent action by the party actually entitled to recover, and to insure generally that the judgment will have its proper effect as res judicata." FED. R. CIV. P. 17(a) advisory committee's note to 1966 amendment.

Here, there is no debate that Sprague's bankruptcy trustee, not Sprague herself, is the real party in interest; thus, our focus is on the last sentence of the rule that allows substitution of the real party in interest and relation back to the original filing. This provision was enacted to keep pace with developing law: "[M]odern decisions are inclined to be lenient when an honest mistake has been made in choosing the party in whose name the action is to

be filed . . . . [This provision] is intended to prevent forfeiture when determination of the proper party to sue is difficult or when an understandable mistake has been made." FED. R. CIV. P. 17(a) advisory committee's note to 1966 amendment.

Following the advisory committee's note, courts have held that "when the determination of the right party to bring the action was not difficult and when no excusable mistake had been made, then the last sentence of Rule 17(a) was not applicable and the action should be dismissed." 6A CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1555 (2d ed. 1990); *see also Rinke v. Johns-Manville Corp.*, 47 Wn. App. 222, 228, 734 P.2d 533 (1987) ("Most courts . . . have restricted relation back to situations where there has been an 'honest mistake' or an 'understandable mistake' in naming an improper party."). Courts have not given the provision a literal interpretation, which would make it applicable to every case where an incorrect plaintiff is named. *See* FEDERAL PRACTICE § 1555. "[T]he rule should be applied only to cases in which substitution of the real party in interest is necessary to avoid injustice." *Id.* This court found that restricting relation back to situations involving honest or understandable mistakes is to "prevent plaintiffs from using the rule to join or substitute persons whose interests were not contemplated from the beginning of the suit." *Rinke*, 47 Wn. App. at 230. But noting that modern rules of procedure are "intended to allow the court to reach the merits," the *Rinke* court added that CR 17(a) "is designed to expedite litigation, not to allow narrow constructions or technicalities to interfere with the merits of a legitimate controversy." *Id.* at 227.

B. The Washington Supreme Court's Latest Interpretation of CR 17(a)

 Our Supreme Court recently held that a plaintiff is

allowed to amend a complaint under CR 15(c)[1] to substitute the real party in interest under CR 17(a), with relation back of the amendment, where: (1) the defendant is not prejudiced; and (2) the only change wrought by the amendment is in the representative capacity in which the action is brought. *See Beal*, 134 Wn.2d at 773. Beal was appointed the guardian ad litem for three minor children after their mother was killed. *See id.* at 774. On the last day of the statute of limitations period, a wrongful death action was filed against the City naming Beal and the deceased's mother and brother as plaintiffs. *See id.* Although the complaint alleged that Beal was the personal representative of the decedent's estate, he was not in fact appointed as the personal representative until approximately three months after the complaint was filed. *See id.* at 774-75. A wrongful death action must be brought by the personal representative of the decedent's estate, and the City moved to dismiss the complaint because Beal, as guardian ad litem and not personal representative, was not the real party in interest. *See id.* at 775-76. Beal moved to amend the complaint under CR 17(a), requesting a reasonable period of time to name himself plaintiff in his capacity as the personal representative of the estate, with relation back of the amendment. *See id.* at 775. The attorney who filed the complaint stated that he knew before the complaint was filed that the action could be brought only by the personal representative of the estate and that Beal had not yet been appointed to

---

[1]CR 15(c) provides:

**Relation Back of Amendments.** Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

CR 15(c) and 17(a) are related and sometimes applied together. *See Beal*, 134 Wn.2d at 780.

that capacity but claimed that "he had not had time to prepare and file the necessary paperwork to have Beal appointed as personal representative before the statute of limitations ran on the wrongful death action." *Id.* The trial court denied Beal's motion because there was no honest or understandable mistake in failing to name the personal representative of the estate as the plaintiff, and this court affirmed. *See id.* at 775-76.

The Supreme Court reversed. *See Beal*, 134 Wn.2d at 773. The Court framed the issue as whether an amendment involving only a change in representative capacity should be allowed where there is no honest or understandable mistake or excusable neglect. *See id.* at 781. After discussing the leniency of federal courts in allowing relation back of an amendment, the *Beal* court reiterated the purposes of the rules at issue: the purpose of CR 15(c) is to permit amendment where the defendant is not prejudiced, and the purpose of CR 17(a) is to protect the defendant against a subsequent action by the real party in interest and to expedite litigation by precluding technical or narrow constructions from interfering with the merits of legitimate controversies. *See id.* at 782-83. The court concluded:

> Application of the "inexcusable neglect" or "honest mistake" standard to a change in representative capacity undermines the goals, as well as the literal language of the rules. Although we recognize the potential for abuse in a literal interpretation of CR 17(a) if applied in every circumstance, we conclude that allowing an amendment where the only change is a change in the capacity (guardian ad litem as opposed to personal representative of the decedent's estate) in which the suit is brought, when there is no prejudice to the defendant, better meets the literal language of CR 17(a), as well as the purposes of CR 17(a) and CR 15(c).

*Id.* at 783.

C. Sysco Will Not Be Prejudiced by Allowing the Substitution

Sprague argues, under *Beal*, that the trial court erred

in failing to allow her amendment because Sysco will suffer no prejudice by allowing the amendment with relation back where Sysco had notice of the claims and the injured party, and the amendment leaves the claims and the injured party unchanged. But Sysco distinguishes *Beal* where the same natural person was substituted and the only change was a change in capacity (Beal as personal representative was substituted for Beal as guardian ad litem). The parties for whom the suit was intended to benefit, the decedent's survivors, remained unchanged. Sysco argues that the substitution sought here is different from that allowed in *Beal* because Sprague seeks to substitute another person, the bankruptcy trustee, as plaintiff. Furthermore, Sysco argues, Sprague brought the suit in her own interest whereas the bankruptcy trustee will bring the suit in the interest of the creditors of the bankruptcy estate. Sysco contends that the interests of the creditors were not contemplated when the suit was filed and therefore relation back is improper.[2] Sprague counters that whether the interests of the substituted party were contemplated when the suit was filed is not the focus of *Beal* and not an issue here because Sysco would not be prejudiced by the amendment.

Sysco argues that it will be prejudiced if forced to defend against a lawsuit brought by an improper party and not properly initiated before the statute of limitation period expired. But to accept this argument would completely nullify that part of the rule allowing substitution and relation back, and we agree with Sprague that Sysco will not be prejudiced by the substitution. Thus, we must determine whether the substitution of the bankruptcy trustee for the

---

[2]Specifically, Sysco argues that Sprague lacks standing to bring the suit because she is not the real party in interest. Sysco confuses the real party in interest requirement with standing principles, as have many courts. *See* FEDERAL PRACTICE § 1542. They are distinct doctrines. *See id.* Standing requires that the plaintiff demonstrate an injury to a legally protected right. *See id.* The real party in interest is the person who possesses the right sought to be enforced. *See id.* Here, Sprague has standing to sue because she is the alleged injured party, but she is not the real party in interest because the right to prosecute the claim belongs to the bankruptcy estate.

debtor is a change in capacity that should be allowed under CR 17(a). Washington courts have not addressed this issue,[3] but others have.

## D. Other Jurisdictions Allow Substitution of a Bankruptcy Trustee for a Plaintiff-Debtor

Other jurisdictions allow substitution of a bankruptcy trustee for a plaintiff-debtor with relation back under Federal Rule of Civil Procedure 17(a) or state counterparts. In *Hammes v. Brumley*, 659 N.E.2d 1021, 1030 (Ind. 1995), the Indiana Supreme Court allowed substitution of the bankruptcy trustees for the debtors who originally filed the suit. The court first found that although the bankrupt parties who brought the suit were not the real parties in interest, they had standing to sue because they alleged a direct injury. *See id.* The court concluded that substitution of the bankruptcy trustees, with relation back to the original filing, was sound public policy because it protected innocent creditors and there was no prejudice to the defendants:

> We believe that permitting bankrupt parties to substitute the trustee as the real party in interest is sound public policy. In general, the plaintiff-debtor does not have anything to gain from failing to commence a suit in the name of the trustee, because a debtor who fails to do so is precluded from pursuing that claim in his or her own name. Instead, it is the creditors of such plaintiff-debtors who are deprived of access to a potential asset. The innocent creditors of the plaintiff-debtors should not suffer due to commencing a lawsuit in the name of the plaintiff-debtor rather than in the name of the trustee. Furthermore, the defendants in these cases were not unfairly prejudiced—they had notice of the claims against them and the amended complaints were identical in all respects except

---

[3]In *Stevens v. City of Centralia*, 86 Wn. App. 145, 153, 936 P.2d 1141 (1997), Centralia argued that Stevens improperly brought a discrimination suit because the action belonged to the bankruptcy estate, but the court found that the claim, which had been listed on the bankruptcy schedules, was abandoned by the trustee, and thus it was properly brought by Stevens. In dicta, the court stated that even had the trustee had an interest in the claim, dismissal on these grounds would have been improper because the trial court was required under CR 17(a) to provide a reasonable time for Stevens to join the real party in interest. *See id.* at 154.

of course for the substitution of the names of the real parties in interest.

*Id.*

Likewise, a federal district court recently allowed substitution of a bankruptcy trustee for a debtor with relation back to the original complaint under Rule 17(a) to avoid the injustice of precluding the debtor's creditors from seeking a remedy. *See Rousseau v. Diemer,* 24 F. Supp. 2d 137, 144 (D. Mass. 1998). In that case, it was unclear to the court whether the plaintiff-debtor had scheduled the claims asserted in his complaint. *See id.* at 143-44. Finding that substitution of the trustee would not prejudice the defendants because they were apprised of the claims arising from specified conduct and had prepared a defense, the court stated that "nothing will change as a result of substituting the Trustee as plaintiff in this action, except that this action will now be maintained for the benefit of Plaintiff's creditors and not for the Plaintiff himself." *Id.* at 144. *See also Crumpacker v. DeNaples,* 126 N.M. 288, 968 P.2d 799, 805-06 (N.M. Ct. App.) (allowing, under the state counterpart to Rule 17(a), substitution of a bankruptcy trustee with relation back even though the identities and the interests of the plaintiff-debtor and the trustee were separate and different because the plaintiff made an honest mistake in failing to name the trustee in the complaint and the defendants would not be prejudiced), *cert. denied,* 126 N.M. 532, 972 P.2d 351 (1998); *Mele v. First Colony Life Ins. Co.,* 127 B.R. 82, 87 (D.D.C. 1991) (after finding that the claim was not abandoned by the bankruptcy trustee to the plaintiff-debtor, the court allowed a reasonable time for substitution of the trustee); *Cain v. Hyatt,* 101 B.R. 440, 442 (E.D. Pa. 1989) (after finding that a discrimination lawsuit could not be maintained by the plaintiff-debtor, the court stayed the proceedings to allow substitution of the bankruptcy trustee); *Tate v. Snap-On Tools Corp.,* No. 90 C 4436, 1997 WL 106275 (N.D. Ill. Feb. 11, 1997) (permitting the substitution of the bankruptcy trustee with relation back).

Although sometimes expressly recognizing that the interests of the bankruptcy trustee were different from those of the plaintiff-debtor originally filing the complaint, these courts consistently allowed substitution of the trustee with relation back where the defendants were not prejudiced. These courts were concerned with prejudice to the defendant and preventing an injustice to the innocent creditors, not, in these particular circumstances, with whether the original plaintiff contemplated the interests of the real party in interest when the suit was originally filed.

But at least one court, the Idaho Supreme Court, ruled that the trial court did not abuse it's discretion in denying a rule 17 motion to substitute a bankruptcy trustee for a plaintiff-debtor with relation back to the original filing. *See Tingley v. Harrison*, 125 Idaho 86, 867 P.2d 960, 966 (1994). In that case the plaintiff-debtor filed a malpractice action after the applicable statute of limitations period expired. *See id.* The plaintiff-debtor sought to utilize 11 U.S.C. § 108(a), which extends statutes of limitations to bankruptcy trustees, in conjunction with rule 17(a). *See id.* at 963. The court first found that § 108(a) did not apply to extend the statute of limitations period. *See id.* at 965. The court rejected application of rule 17(a) for three reasons: (1) the motion to join the trustee as a party was not brought in a reasonable time; (2) there was no mistake in naming the debtor rather than the trustee as plaintiff; and (3) rule 17(a) applies only when the original complaint is timely brought. *See id.* at 965-66. But here, Sysco has not argued to this court that the CR 17 motion was not brought within a reasonable time under the rule, the Washington Supreme Court rejected the honest mistake requirement, and Sprague's original complaint was not time-barred.

E. CR 17(a) Allows Sprague to Substitute the Bankruptcy Trustee with Relation Back to the Original Filing

Considering our Supreme Court's emphasis in *Beal* on whether the defendant is prejudiced, we conclude that CR 17(a) allows Sprague to substitute the bankruptcy trustee

with relation back to the original filing because: (1) Sysco will not be prejudiced; and (2) the amendment changes nothing except who will benefit from the action. Sysco attempts to distinguish this case from cases where the debtor's action was allowed to progress for the benefit of innocent creditors, arguing that in those situations the bankruptcy was not yet closed. But in several of the cases where courts have allowed substitution with relation back under rule 17, the debtor had been discharged before the lawsuit at issue was filed. *See Hammes*, 659 N.E.2d at 1026; *Rousseau*, 24 F. Supp. 2d at 141; *Cain*, 101 B.R. at 441; *Tate*, 1997 WL 106275 at *1. Thus, we find that the trial court abused its discretion in denying the motion to substitute Sprague's bankruptcy trustee as plaintiff with relation back to the original filing.[4]

## CONCLUSION

We vacate the trial court's dismissal order, reverse the trial court's order denying Sprague's CR 17(a) motion, and remand for further proceedings.

BAKER and APPELWICK, JJ., concur.

Review denied at 140 Wn.2d 1004 (2000).

---

[4]We reject Sysco's judicial estoppel argument. "[I]n very general terms, [judicial estoppel] prevents a party from taking a factual position that is inconsistent with his or her factual position in previous litigation." *Holst v. Fireside Realty, Inc.*, 89 Wn. App. 245, 259, 948 P.2d 858 (1997); *see also Raymond v. Ingram*, 47 Wn. App. 781, 785, 737 P.2d 314 (1987) (providing the elements of judicial estoppel). Judging from the cases provided by Sysco, which apply judicial estoppel in the bankruptcy context, judicial estoppel has been used to bar actions brought by debtor-plaintiffs primarily where the potential lawsuits were not scheduled and the defendants in the action were either creditors or otherwise involved in the bankruptcy case. *See, e.g., Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414 (3d Cir. 1988); *Payless Wholesale Distribs., Inc. v. Alberto Culver (P.R.) Inc.*, 989 F.2d 570 (1st Cir. 1993); *Billmeyer v. Plaza Bank of Commerce*, 42 Cal. App. 4th 1086, 50 Cal. Rptr. 2d 119 (1995); *Welsh v. Quabbin Timber Inc.*, 199 B.R. 224 (D. Mass 1996); *Hay v. First Interstate Bank of Kalispell, N.A.*, 978 F.2d 555 (9th Cir. 1992). Here, Sysco was not a creditor or involved with Sprague's bankruptcy.