[No. 16867.   Department Two.   February 14, 1922.]

WEST & WHEELER, *Appellant,* v. E. F. LONGTIN, *Respondent.*[1]

PARTIES (2)—PLAINTIFFS—REAL PARTY IN INTEREST.  Where one contracting with a broker for the purchase of real estate gives a check payable to the broker as earnest money to bind the bargain, and a receipt is issued to the purchaser reciting that, in case of failure to complete the contract, the earnest money shall be forfeited to the broker to the extent of his agreed commission, the broker is entitled to bring suit on the check, as the real party in interest within Rem. Code, § 179.

BILLS AND NOTES (119)—ACTIONS—BURDEN OF PROOF—CONSIDERATION.  In an action on a check, there is no burden on plaintiff to show consideration for its issuance, in view of Rem. Code, §§ 3415, 3575, providing that every negotiable instrument shall be deemed to have been issued for a valuable consideration, and that the provisions of the negotiable instruments act governing bills of exchange apply to checks.

Appeal from a judgment of the superior court for King county, Frater, J., entered May 27, 1921, upon granting a nonsuit, dismissing an action on a check. Reversed.

*Byers & Byers,* for appellant.

*James Kiefer,* for respondent.

MACKINTOSH, J.—The appellant, acting as agent for James A. Taylor, sold to the respondent certain real estate of the value of $14,000, upon which the respondent made a payment evidenced by a check made payable to the appellant in the sum of $1,000.  The receipt of this sum was evidenced by an earnest money receipt containing the following provisions:

"But if the title to said described premises shall be found to be good and marketable, free and clear of liens and incumbrances, and purchaser shall fail, re-

[1]Reported in 204 Pac. 183.

fuse or neglect to conclude the sale as per the terms of this receipt, then the earnest money herein receipted for shall be forfeited by said purchaser to West and Wheeler, to the extent of their agreed commission and the remainder, if any, to the owner of said premises as liquidated damages for the non-fulfillment of the terms of this memorandum,'' etc.

The receipt which the appellant held showed on its face that the amount of the commission was five per cent of the purchase price, to wit, $700. Before the check could be presented to the bank, payment thereon was stopped by the respondent. Appellant then began this action, which was a suit upon the check, and at the close of the appellant's testimony, a motion for nonsuit was granted.

The first point for consideration is whether the action had been brought in the name of the real party in interest, under § 179, Rem. Code (P. C. § 8255), which provides that ''every action shall be prosecuted in the name of the real party in interest, except as is otherwise provided by law.'' It is the respondent's position that Taylor was the real party in interest, but with this contention we cannot agree. It would seem that when, by the contract between the parties, it was recognized that the appellant, in case of noncompliance by the respondent with his agreement to purchase, was to receive $700 out of the $1,000 which had been provided as liquidated damages, West and Wheeler to that extent became the real parties in interest, and that, when a check had been made payable to it, the respondent had further recognized its interest. This court has held in *Harris v. Johnson*, 75 Wash. 291, 134 Pac. 1048, that the payee named in a note which was made payable to him with full knowledge of the transaction was the real party in interest within the mean-

ing of the statutory provision. The general rule is stated in 20 R. C. L. 665, as follows:

"In many jurisdictions, statutes provide, with some few specified exceptions, that any civil actions shall be maintained or brought in the name of the real party in interest. The purpose of such a statute is to relax the strict rules of the common law so as to enable those directly interested in the subject-matter of the litigation to maintain the action, and the statute applies whether the cause of action is at law or in equity. The statute should be so applied as to accomplish its salutary purpose. If a direct and substantial benefit accrues to persons severally, and they are the real parties in interest, they may maintain an action severally. It was not intended to give a new cause of action where none existed, but to simplify matters of pleading and procedure, and to adopt the rule in equity permitting all actions to be brought by the equitable or beneficial owner of the cause of action. This is not to be understood, however, as excluding one holding the legal title or right from suing in his own name. Such person may sue as the real party in interest, if he can legally discharge the debtor and the satisfaction of the judgment rendered will discharge the defendant, although the amount recovered is for the benefit of another; and if the real party in interest is the plaintiff, an objection that the contract sued on was made by him as agent for others will not be considered."

The next point raised is as to the burden of proof. Under § 3575, Rem. Code (P. C. § 4256), a check is defined as a bill of exchange drawn on a bank, payable on demand, and all provisions of the negotiable instruments act applicable to a bill of exchange are made to apply to a check. Section 3415, Rem. Code (P. C. § 4095), provides: "Every negotiable instrument is deemed *prima facie* to have been issued for a valuable consideration." Under these sections, the burden is not upon the plaintiff suing upon a check to show con-

sideration, nor is that rule affected in the instant case by the fact that the respondent, in its complaint, alleged that the check had been given for a consideration.

For the reason first stated, the judgment of the lower court is reversed, and the cause remanded for a new trial.

PARKER, C. J., MAIN, HOLCOMB, and HOVEY, JJ., concur.