# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

| | | |
|---|---|---|
| ESTATE OF HUNG NGUYEN, by and through GABRIELLE NGUYEN-ALUSKAR, | ) ) ) | No. 73931-0-I |
| | ) ) | |
| Appellant, | ) ) | |
| | ) | |
| v. | ) ) | |
| | ) | |
| FRANCISCAN HEALTH SYSTEM; GILBERT JOHNSTON, M.D., d/b/a ST. JOSEPH CARDIOTHORACIC SURGERY ASSOCIATES AT ST. JOSEPH; FRANCISCAN MEDICAL GROUP, | ) ) ) ) ) ) ) | |
| | ) | UNPUBLISHED OPINION |
| Respondents. | ) ) | |
| | ) | FILED: November 9, 2015 |
| | ) | |

VERELLEN, J. — "Every action shall be prosecuted in the name of the real party in interest."[1] The real party in interest for a wrongful death claim is the personal representative of the estate, not a child of the decedent.[2] The lack of a real party in interest is a basis to dismiss an action unless, within a reasonable time after an objection to the lack of a real party in interest, there is a motion to substitute the real party in interest.[3] If the substitution is a change only in representative capacity and the

---

[1] CR 17(a).

[2] Beal v. City of Seattle, 134 Wn.2d 769, 776, 954 P.2d 237 (1998).

[3] CR 17(a); Nw. Indep. Forest Mfrs. v. Dep't of Labor & Indus., 78 Wn. App. 707, 716, 899 P.2d 6 (1995).

defendant is not prejudiced, a trial court should grant a motion to substitute the real party in interest.[4]

This wrongful death action was filed by an adult daughter on behalf of her father's estate (the Estate). The daughter filed the action knowing she was not and could not be personal representative because of her felony conviction. Although the surviving spouse had been appointed personal representative and moved to substitute within a few weeks of the defendant's objection to the lack of a real party in interest, the trial court denied her motion to substitute as the real party in interest on the Estate's behalf. The court expressed its concern with a fraud on the court and dismissed the action both for lack of a real party in interest and as a CR 11 sanction.

We conclude the trial court should have granted the motion to substitute. The proposed substitution of the surviving spouse was the equivalent of a change in representative capacity, and the defendant Franciscan Health System (FHS) was not prejudiced as contemplated by CR 17(a).

To the extent the conduct and filings by the daughter and the surviving spouse were in bad faith, dismissal may be an appropriate CR 11 sanction. But there are no findings regarding the surviving spouse's conduct and the inadequacy of less severe sanctions.

We reverse the denial of the motion to substitute and remand for further proceedings related to CR 11 sanctions.

---

[4] Beal, 134 Wn.2d at 783.

FACTS

In December 2008, Hung Nguyen had severe postoperative complications from heart surgery and died intestate. Nguyen was survived by his spouse Phuoc Nhu and five adult children, including Gabrielle Nguyen-Aluskar.

On April 30, 2010, the daughter Nguyen-Aluskar filed a petition for letters of administration intestate in King County Superior Court. That petition listed six heirs of the decedent, including the daughter and surviving spouse, Nhu. The King County Superior Court initially appointed the daughter as personal representative, but revoked her status three days later, finding that she "is disqualified from serving as personal representative because of her conviction of a felony crime."[5] At the 2010 hearing, the court clearly explained to the daughter that her prior felony conviction prevented her from serving as the Estate's personal representative.

In December 2012, the daughter filed a wrongful death action in Pierce County Superior Court with the caption "Estate of Hung Nguyen, *by and through Gabrielle Nguyen-Aluskar.*"[6] On November 22, 2013, the daughter and the surviving spouse signed and filed an ex parte petition "for letters of administration and nonintervention

---

[5] Clerk's Papers (CP) at 53. Persons "who have been convicted of (a) any felony or (b) any crime involving moral turpitude" are "not qualified to act as personal representatives." RCW 11.36.010(1). In 2006, Nguyen-Aluskar was convicted of cocaine possession.

[6] CP at 1 (emphasis added). Nguyen-Aluskar also filed an amended complaint in February 2013, adding several defendants.

powers" with the caption "Estate of Hung T. Nguyen."[7] The petition recites under the

"heirs" section that there are "none."[8] The petition also recites:

> No Bond should be required of me because I am Decedent's surviving spouse and I have appointed my daughter Gabrielle Nguyen-Aluskar to the estate with me since I do not speak fluent English language. . . .
>
>     . . . .
>
>     . . . Nonintervention Powers should be granted to me because I am Decedent's surviving spouse, as I have appointed my daughter Gabrielle Nguyen-Aluskar to handle all estate matter[s]. Decedent's estate consists only of community property, and all of the then, living or gestating issue of Decedent are also the issue of mine [sic].[9]

The petition requested the appointment of "Personal Representative Phuoc Nhu[ ] to

serve with Nonintervention Powers."[10] The surviving spouse signed the petition. The

trial court noted in the minutes of proceeding that the daughter "comes before the court

seeking to be appointed personal representative."[11]

In the transcript of the November 2013 hearing, "Gabrielle Nguyen-Aluskar" is the

only name listed under "appearances," but the record indicates that the surviving

spouse was also present:

| COURT: | All right. . . . Your name, please? |
|---|---|
| NGUYEN-ALUSKAR: | Gabrielle Nguyen-Aluskar *and my mother.* |
| COURT: | Okay. Do you have--okay, so you're both asking to be made personal representative? |

---

[7] CP at 63.

[8] Id.

[9] CP at 64.

[10] CP at 64.

[11] CP at 67.

NGUYEN-ALUSKAR: Um, yes, but more (inaudible) for me because my mom doesn't speak fluent English.

. . . .

COURT: And are there any other heirs besides you?

NGUYEN-ALUSKAR: No.[12]

When asked, the daughter acknowledged to the court that she had siblings.

COURT: Okay. Do they know that you are asking to be made personal representative?

NGUYEN-ALUSKAR: Yes, um-hum. Yes.

COURT: And *do you both live* in Pierce County?

NGUYEN-ALUSKAR: Yes.

*[PHUOC] NGUYEN:* *Yes.*[13]

The court declined to appoint the daughter as personal representative:

And before I would make this appointment, I request that you set a motion . . . and give notice to all the children, your brothers and sisters, because there are some issues with your background and I do not know if the court will approve you as the personal representative. But I think all the potential heirs are entitled to notice. . . . Your background[,] there's issues of fact, forgery, a DUI, those types of things cause the court concern.[14]

At some point, the daughter crossed out her signature and references to herself in the petition. After a recess, the daughter sought to have only her mother appointed as personal representative. The court declined to appoint her without a motion and notice to all heirs:

---

12 CP at 220.

13 CP at 221 (emphasis added).

14 CP at 221-22.

| | |
|---|---|
| COURT: | Ma'am, I told you [that] you had to file a motion. |
| NGUYEN-ALUSKAR: | My mom is with me and she said that's too much time and she'll just be the personal representative to my-- her husband's estate. |
| COURT: | Okay. I'm still requiring notice because of the language issue. So there has to be notice. You have to file a motion. |
| NGUYEN-ALUSKAR: | She's-- |
| COURT: | Ma'am, that is my ruling. |
| CLERK: | And what you might want to do also is go down to Court 7 and you can arrange for an interpreter. |
| NGUYEN-ALUSKAR: | Okay. Thank you.[15] |

When a dispute arose over medical record release stipulations signed by the daughter, FHS discovered that the Estate lacked a personal representative. On May 27, 2014, FHS filed a motion to dismiss for lack of a real party in interest. On June 13, 2014, a superior court commissioner appointed the surviving spouse "personal representative of the Estate of Hung Nguyen."[16] On June 14, 2014, the Estate, "by and through Gabrielle Nguyen-Aluskar" requested to substitute the surviving spouse as the real party in interest.[17]

At the July 2014 hearing on the motion to dismiss, the trial court found that Nguyen-Aluskar "is disqualified from serving as personal representative" by virtue of being "convicted of a . . . felony drug offense." The court also stated it "does not find

---

[15] CP at 222.

[16] CP at 84.

[17] CP at 75.

6

credible" the representations in her latest declaration, that she "subjectively knew that she could not serve in that capacity," yet "she held herself out as personal representative in filing both the [c]omplaints in this case," and that such conduct "constitutes a deliberate, intentional fraud upon the court."[18] The court declined to substitute the surviving spouse as the real party in interest and dismissed the wrongful death action for "there being no real party in interest."[19] The court also dismissed the complaint as a CR 11 sanction based upon "the circumstances under which the [c]omplaints have been filed."[20]

The Estate appeals.

## ANALYSIS

The Estate contends the trial court should have granted its motion to substitute the surviving spouse as the real party in interest because, at that time, the surviving spouse had been appointed personal representative and FHS was not prejudiced. We agree.

### Standard of Review

We review a trial court's decision to dismiss a case, or allow substitution of a real party in interest under CR 17(a), for abuse of discretion.[21] "An abuse of discretion

---

[18] Report of Proceedings (RP) (July 18, 2014) at 10-11.

[19] Id. at 13.

[20] Id.

[21] Sprague v. Sysco Corp., 97 Wn. App. 169, 171-72, 982 P.2d 1202 (1999).

occurs only where 'exercise of discretion is manifestly unreasonable or based upon untenable grounds or reasons.'"[22]

*Substitution of the Real Party in Interest*

CR 17(a) requires that the party who commences an action be a "real party in interest." "The real party in interest is the person who possesses the right sought to be enforced."[23] A wrongful death action must be brought by the estate's personal representative.[24]

The purpose of CR 17(a) is "'to protect the defendant against a subsequent action by the party actually entitled to recover, and to insure generally that the judgment will have its proper effect as res judicata.'"[25]

The critical inquiry here is on the last sentence of CR 17(a) that allows substitution of the real party in interest and relation back to the original filing:

> No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.[26]

The "reasonable time permitted for the substitution of the real party in interest relates to the period *after* an objection has been made for not prosecuting in the name of the real

---

[22] Goodwin v. Bacon, 127 Wn.2d 50, 54, 896 P.2d 673 (1995) (quoting Davis v. Globe Mach. Mfg. Co., 102 Wn.2d 68, 77, 684 P.2d 692 (1984)).

[23] Sprague, 97 Wn. App. at 176 n.2.

[24] Beal, 134 Wn.2d at 776.

[25] Rinke v. Johns-Manville Corp., 47 Wn. App. 222, 227, 734 P.2d 533 (1987) (quoting Fed. R. Civ. P. 17(a) advisory committee's note, 39 F.R.D. 69, 85 (1966)).

[26] CR 17(a).

party."[27] "'[O]bjection' means a positive step to bring the matter before the court so that the mistake can be corrected."[28] The trial court should allow the plaintiff a reasonable time to substitute the real party in interest.[29] Courts generally permit substitution when the party initiating the action is not the real party in interest.[30]

The last sentence of CR 17(a) "is phrased as a restriction on the court's authority to dismiss, not as a grant of authority to dismiss."[31] It generally applies "'when an honest mistake has been made in choosing the party in whose name the action is to be filed.'"[32] But "'when the determination of the right party to bring the action was not difficult and when no excusable mistake has been made, then the last sentence of Rule 17(a) [is] not applicable and the action should be dismissed.'"[33] A different standard applies if the substitution is a change only in representative capacity.

---

[27] Miller v. Campbell, 164 Wn.2d 529, 538, 192 P.3d 352 (2008).

[28] Fitch v. Johns-Manville Corp., 46 Wn. App. 867, 870, 733 P.2d 562 (1987).

[29] Rinke, 47 Wn. App. at 228.

[30] See, e.g., Miller v. Campbell, 164 Wn.2d 529, 192 P.3d 352 (2008); Kommavongsa v. Haskell, 149 Wn.2d 288, 67 P.3d 1068 (2003); Beal v. City of Seattle, 134 Wn.2d 769, 954 P.2d 237 (1998); Sprague v. Sysco Corp., 97 Wn. App. 169, 982 P.2d 1202 (1999); Rinke v. Johns-Manville Corp., 47 Wn. App. 222, 734 P.2d 533 (1987); Fitch v. Johns-Manville Corp., 46 Wn. App. 867, 733 P.2d 562 (1987); Fox v. Sackman, 22 Wn. App. 707, 591 P.2d 855 (1979); In re Crane's Estate, 9 Wn. App. 853, 515 P.2d 552 (1973).

[31] Rinke, 47 Wn. App. at 226.

[32] Id. at 228-29 (quoting Fed. R. Civ. P. 17(a) advisory committee's note, 39 F.R.D. 69, 85 (1966)).

[33] Sprague, 97 Wn. App. at 173 (quoting 6A CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1555 (2d ed.1990)).

In Beal v. City of Seattle, Beal was appointed guardian ad litem for three minor children after their mother died.[34] Beal filed a wrongful death action as the estate's personal representative.[35] But Beal was not appointed personal representative until three months after the complaint was filed. The City moved to dismiss, alleging Beal was not the real party in interest when the complaint was filed. The trial court denied Beal's motion to amend the complaint under CR 17(a) for failure to timely name the actual personal representative.[36]

The Beal court carved out an exception to the "honest mistake" standard under CR 17(a). The Beal court concluded that even if there is no honest mistake, substitution should be granted when the change in plaintiffs "is only in the representative capacity in which the suit is brought" and the defendant "is not prejudiced."[37]

On May 27, 2014, FHS filed its motion to dismiss the wrongful death action. Two weeks later, a superior court commissioner appointed the surviving spouse as the Estate's personal representative. The daughter promptly filed the motion to substitute the surviving spouse as the real party in interest, but the trial court denied substitution and dismissed the lawsuit.

The surviving spouse's substitution here as the real party in interest is equivalent to a change in representative capacity governed by Beal. The wrongful death claims remain, and have always been, claims on behalf of a representative of the estate for the

---

[34] 134 Wn.2d 769, 954 P.2d 237 (1998).

[35] Id. at 775.

[36] Id. at 776.

[37] Id. at 784.

benefit of the statutory beneficiaries. The daughter has never asserted the claims in an individual capacity but only on behalf of the "Estate of Hung Nguyen, by and through Gabrielle Nguyen-Aluskar."[38] Neither has the daughter suggested that she has any right to any funds recovered on the Estate's behalf. Although the substitution of the surviving spouse as the real party in interest changes the nominal person bringing the suit on the Estate's behalf, the substitution is merely a change in representative capacity. Therefore, the Beal standard applies, and an honest mistake is not required.

FHS contends a substitution would be prejudicial both because it would be required to defend a lawsuit without a real party in interest and because it had to spend time on medical records stipulations signed by the daughter without any proper authority. The fact that substitution of the personal representative may allow the lawsuit to proceed is not the type of prejudice contemplated by Beal and CR 17(a). Otherwise, every substitution would be prejudicial. And the time that FHS spent on the unauthorized medical record stipulations is not the kind of prejudice that relates to the purposes of CR 17(a). "The modern function of the rule is 'to protect the defendant against a subsequent action by the party actually entitled to recover."[39] When the surviving spouse became personal representative, FHS was protected to the same extent as if she had been personal representative at the time the complaint was filed. FHS has always defended against claims asserted on the Estate's behalf. Substitution would not prejudice FHS.

---

[38] CP at 1.

[39] Sprague, 97 Wn. App. at 172 (quoting Fed. R. Civ. P. 17(a) advisory committee's note, 39 F.R.D. 69, 85 (1966)).

*Relation Back*

The next question is whether the substitution relates back to the initial filing date for purposes of the statute of limitations. Kommavongsa v. Haskell recently summarized the test for relation back under CR 17(a) as "whether the defendant had notice of the lawsuit and accordingly was not prejudiced, and whether the real party plaintiff in interest . . . sought to be substituted as plaintiff within a reasonable time after objection by the adversary."[40] Here, FHS had ample notice of the Estate's wrongful death claims. As noted above, FHS was also not prejudiced by the substitution. And less than three weeks after FHS objected by filing its motion to dismiss, the surviving spouse was appointed personal representative. FHS presents no authority to support its suggestion that prior court hearings constituted an "objection" under CR 17(a).

FHS argues that allowing the substitution in light of the daughter's fraud on the court would be an abusive application of CR 17(a). The abuse of discretion standard of review is broadly deferential to the trial court.[41] And a trial court has authority to preclude a fraud upon the court.[42] But the point of the Beal exception is to focus upon prejudice to the defendant, not the plaintiff's conduct.

---

[40] 149 Wn.2d 288, 317, 67 P.3d 1068 (2003).

[41] Hundtofte v. Encarnación, 181 Wn.2d 1, 22, 330 P.3d 168 (2014) (González, J., dissenting); First-Citizens Bank & Trust Co. v. Reikow, 177 Wn. App. 787, 797, 313 P.3d 1208 (2013).

[42] See In re Intermagnetics Am., Inc., 926 F.2d 912, 916 (9th Cir. 1991) ("[F]raud upon the court includes both attempts to subvert the integrity of the court and fraud by an officer of the court.").

The daughter's fraudulent conduct is troublesome, but based on the record before us, we conclude the trial court should have granted the motion to substitute the surviving spouse as the real party in interest in the wrongful death action.

*CR 11 Sanction of Dismissal*

The trial court alternatively dismissed the lawsuit based upon CR 11. But there are no specific oral or written findings supporting such a sanction here.

We review a trial court's imposition of CR 11 sanctions for abuse of discretion.[43] The trial court retains "wide discretion" regarding the "nature and scope of sanctions" under CR 11.[44] The trial court "should impose the least severe sanction necessary to carry out the purpose of the rule.[45]

"CR 11 deals with two types of filings: baseless filings and filings made for improper purposes."[46] A complaint that "lacks a legal or factual basis" may constitute grounds for CR 11 sanctions.[47] "The purpose behind CR 11 is to deter baseless filings and to curb abuses of the judicial system."[48] A trial court may impose sanctions under CR 11 if a pleading lacks a factual or legal basis and the party who signed it failed to conduct a reasonable inquiry into the factual or legal basis of the action, or the paper was filed for an improper purpose.[49]

---

[43] Mitchell v. Wash. State Inst. of Pub. Policy, 153 Wn. App. 803, 826, 225 P.3d 280 (2009).

[44] Miller v. Badgley, 51 Wn. App. 285, 300, 753 P.2d 530 (1988).

[45] Biggs v. Vail, 124 Wn.2d 193, 197, 876 P.2d 448 (1994).

[46] Stiles v. Kearney, 168 Wn. App. 250, 261, 277 P.3d 9 (2012).

[47] Bryant v. Joseph Tree, Inc., 119 Wn.2d 210, 220, 829 P.2d 1099 (1992).

[48] Id. at 219 (emphasis omitted).

[49] Id. at 220.

"[I]n imposing CR 11 sanctions, it is incumbent upon the court to specify the sanctionable conduct in its order."[50] This requires specific findings that "either the claim is not grounded in fact or law and the attorney or party failed to make a reasonable inquiry into the law or facts, or the paper was filed for an improper purpose."[51] Otherwise, we must remand for the trial court to "make explicit findings as to which filings violated CR 11, if any, as well as how such pleadings constituted a violation."[52]

The trial court's oral finding that "there's been a violation due to the circumstances under which the [c]omplaints have been filed. The [c]omplaints are simultaneously dismissed for that reason"[53] lacks the specificity required to support dismissal under CR 11. There was no argument on the motion to dismiss or cross motion to substitute regarding misconduct by the surviving spouse. The trial court made oral findings as to the daughter's conduct, but did not make any oral or written finding that the surviving spouse was implicated in the daughter's misconduct or abuse of the judicial system by signing the November 22, 2013 joint petition, or that she engaged in other conduct. And there are no explicit, detailed findings considering lesser sanctions, nor a recitation of the specific evidence relied upon in imposing the CR 11 sanction.

Therefore, we conclude there are inadequate findings to support dismissal of the lawsuit under CR 11.

---

[50] Biggs, 124 Wn.2d at 201.

[51] Id. (emphasis omitted).

[52] Id. at 202.

[53] RP (July 18, 2014) at 13.

## CONCLUSION

The mother's substitution is equivalent to a change in representative capacity under <u>Beal</u>. FHS did not suffer any prejudice as contemplated by the purposes of CR 17(a). FHS had ample notice of the wrongful death action, and the Estate sought substitution within a reasonable time after FHS's objection. We conclude the trial court should have granted the motion to substitute and that there are inadequate findings to support dismissal as a CR 11 sanction.

We reverse the trial court's denial of the motion to substitute Phuoc Nhu as the real party in interest and remand for further proceedings related to any CR 11 sanction.

_____

WE CONCUR:

_____, C.J.            _____, J.