IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| U.S. BANK NATIONAL ASSOCIATION, | ) | NO. 70140-1-I |
| as trustee of THE BANC OF AMERICA | ) | |
| FUNDING 2007-D, its successors in | ) | DIVISION ONE |
| interest and/or assigns | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BLAIR LA MOTHE, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: May 12, 2014 |
| | ) | |

LAU, J. — Blair La Mothe appeals a judgment and a decree of foreclosure entered in favor of U.S. Bank after a bench trial. For the first time on appeal, he contends U.S. Bank was not the real party in interest and lacked standing to seek a judicial foreclosure, and the trial court improperly admitted the note as a trial exhibit. Because the record shows La Mothe (1) conceded that U.S. Bank is the real party in interest, (2) failed to preserve his standing argument, and (3) failed to object to the note's admission at trial, we affirm the judgment and decree of foreclosure.

FACTS

In 2005, La Mothe obtained a $700,000 loan from Wells Fargo, secured by a deed of trust encumbering his residential property. He defaulted on the loan in 2009. Wells Fargo endorsed the promissory note to U.S. Bank National Association, as trustee for a loan trust known as Banc of America Funding 2007-D. In May 2010, Wells Fargo assigned its beneficial interest under the deed of trust to U.S. Bank. In August 2011, U.S. Bank brought this judicial foreclosure action against La Mothe.[1] Following a bench trial, the trial court entered judgment and a decree of foreclosure for U.S. Bank.

In relevant part, the trial court found, "The promissory note is endorsed . . . to Plaintiff," and there is "an Assignment of [the] Deed of Trust to Plaintiff which was recorded . . . ." It then concluded, "Pursuant to the terms of the note and deed of trust, Plaintiff is entitled to foreclose" and "[t]he correct party in interest was before the court . . . by and through . . . Wells Fargo Bank, N.A., attorney in fact for Plaintiff." La Mothe assigned no error to the court's factual findings or conclusions of law. La Mothe appeals.

ANALYSIS

La Mothe's sole assignment of error states, "The Judge of the Superior Court committed reversible error in not dismissing the underlying Amended Complaint because Respondent was not a real party in interest and lacked standing to seek a

---

[1] La Mothe initially defended the action pro se but hired counsel on the eve of trial. At trial, defense counsel stated, "And so I just want to apologize that I was not able to get this case into shape. Mr. La Mothe was—it's pretty hard to get a lawyer under these circumstances. I—most lawyers would say, you know, I can't get into this, but I felt it would be better if he had a lawyer, even one that was not completely prepared, than to come in here on his own and try to resolve the case. So I've—I'm here and I'm going to do the best I can, Your Honor." Report of Proceedings (Feb. 13, 2013) at 8-9.

judicial foreclosure." Br. of Appellant at 1. La Mothe contends the core issue is "[w]hether [U.S. Bank] was the real party in interest and/or had standing to initiate the foreclosure and whether the Amended Complaint should have been dismissed." Br. of Appellant at 1. For the reasons discussed below, we affirm.

Standing

La Mothe contends for the first time on appeal that the trial court erred in failing to dismiss U.S. Bank's complaint for lack of standing.[2] Implicitly acknowledging he failed to raise lack of standing below, La Mothe argues that standing is a jurisdictional issue that "may be disputed at any stage of a proceeding, even on appeal."[3] Reply Br. of Appellant at 3. We are not persuaded by this jurisdiction claim. The argument conflicts with controlling authority. In Trinity Universal Insurance Co. of Kansas v. Ohio Casualty Insurance Co., 176 Wn. App. 185, 312 P.3d 976 (2013), Ohio argued lack of standing means the trial court lacked subject matter jurisdiction so the default order is void. We held that "in Washington, a plaintiff's lack of standing is not a matter of subject matter jurisdiction." Trinity, 176 Wn. App. at 199. We reasoned:

---

[2] Standing and real party in interest are "distinct doctrines." Sprague v. Sysco Corp., 97 Wn. App. 169, 176 n.2, 982 P.2d 1202 (1999). "Standing requires that the plaintiff demonstrate an injury to a legally protected right. The real party in interest is the person who possesses the right sought to be enforced." Sprague, 97 Wn. App. at 176 n.2; see also 14 KARL B. TEGLAND, WASHINGTON PRACTICE: CIVIL PROCEDURE § 11:2, at 380 (2d ed. 2009) ("Standing to sue is a separate doctrine [from CR 17(a) real party in interest] and is most commonly used to determine whether a party may raise a constitutional challenge to some governmental action.").

[3] La Mothe's reply brief claims U.S. Bank raised an "additional argument that the doctrine of res judicata functions as a waiver of the requirement that a plaintiff have standing . . . ." Reply Br. of Appellant at 3. Our review of U.S. Bank's appellate brief shows U.S. Bank raised no res judicata issue on appeal.

A court enters a void order only when it lacks personal jurisdiction or subject matter jurisdiction over a claim. We use caution in characterizing an issue as jurisdictional or a judgment as void, because the consequences of a court acting without subject matter jurisdiction "are draconian and absolute."

Trinity, 176 Wn. App. at 198 (quoting Cole v. Harveyland, LLC, 163 Wn. App. 199, 205, 258 P.3d 70 (2011)). We also observed that "the critical concept in determining whether a court has subject matter jurisdiction is the type of controversy." Trinity, 176 Wn. App. at 199 (citing Cole, 163 Wn. App. at 209). We also observed:

> Ohio cites a footnote from a 2002 Washington Supreme Court opinion that says, "[S]tanding is a jurisdictional issue that can be raised for the first time on appeal." Int'l Ass'n of Firefighters, Local 1789 v. Spokane Airports, 146 Wn.2d 207, 212 n. 3, 45 P.3d 186, 50 P.3d 618 (2002). This is the type of "drive-by jurisdictional ruling" we recently declined to rely on in Cole. 163 Wn. App. at 208.

Trinity, 176 Wn. App. at 199 n.7 (alteration in original).

We also cited our precedent in Ullery v. Fulleton, 162 Wn. App. 596, 256 P.3d 406 (2011). There, we explained that "article IV, section 6 of the Washington Constitution does not exclude any sort of causes from the jurisdiction of its superior courts, leaving Washington courts, by contrast with federal courts, with few constraints on their jurisdiction." Ullery, 162 Wn. App. at 604. Under Ullery, standing is a defense that may be waived by the defendant.[4] Ullery, 162 Wn. App. at 604. Because "lack of standing is not a matter of subject matter jurisdiction," La Mothe's lack of standing claim is waived. Trinity, 176 Wn. App. at 199; see also RAP 2.5(a); Ullery, 162 Wn. App. at 604.

---

[4] La Mothe's reply brief cites International Association of Firefighters and Spokane Airports v. RMA, Inc., 149 Wn. App. 930, 939, 206 P.3d 364 (2009). La Mothe also argues that U.S. Bank "confuses jurisdictional standing with prudential standing." Reply Br. of Appellant at 3. We disagree and adhere to our analysis in Trinity and Ullery. While La Mothe acknowledges U.S. Bank's reliance on Trinity, we note that he never discusses or analyzes Trinity or Ullery.

Real Party in Interest

La Mothe also contends U.S. Bank was not a real party in interest under CR 17(a) because a different party, Wells Fargo, held the note and deed of trust. We need not address this claim because, as noted above, La Mothe's counsel properly conceded the issue at oral argument before this court. We accept his concession. La Mothe advanced the opposite real-party-in-interest theory at trial and thus failed to preserve the present argument for appeal.[5] RAP 2.5(a). The claim also fails because La Mothe assigned no error to the trial court's written finding, stating in part, "The correct party in interest was before the court . . . ."[6] Unchallenged findings of fact are verities on appeal.[7] RAP 10.3(a)(4); RAP 10.3(g); Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 808, 828 P.2d 549 (1992).

---

[5] At trial, La Mothe was asked by his lawyer, "Do you know who is entitled to collect money from you on this loan?" Report of Proceedings (RP) (Feb. 13, 2013) at 87. La Mothe responded, "U.S. Bank." RP (Feb. 13, 2013) at 87. And later, during a discussion with La Mothe's counsel near the end of trial, the court confirmed, "You're saying U.S. Bank is the real party in interest." RP (Feb. 13, 2013) at 110. Counsel responded, "Yes." RP (Feb. 13, 2013) at 110.

[6] The court expressly found that Wells Fargo endorsed the original note and assigned the deed of trust to U.S. Bank:
"F. Wells Fargo Bank, N.A., executed an Assignment of Deed of Trust to Plaintiff [U.S. Bank] which was recorded on May 25, 2010, under King County Recording Number 20100525001201.
"G. Plaintiff, through their attorney, brought the original promissory note to court during the trial. The promissory note is endorsed by Wells Fargo Bank, N.A. to Plaintiff. The correct party in interest was before the court on February 13, 2013, by and through Brock Wiggins, VP of Loan Documentation at Wells Fargo Bank, N.A., attorney in fact for Plaintiff."

[7] In his reply brief, La Mothe argues he "timely appealed from the King County Superior Court's formal findings, conclusion, judgment, order and decree of foreclosure and attorney fee and cost award." Reply Br. of Appellant at 1. This argument is immaterial. It is undisputed that La Mothe timely filed his notice of appeal.

## CONCLUSION

For the reasons discussed above, we affirm the judgment and decree of foreclosure.

WE CONCUR:

_____  Fau, J.

_____  Cox, J.

_____