IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| MATTHEW AIRD, | No. 85611-1-I |
| Respondent, | DIVISION ONE |
| v. | |
| WASHINGTON STATE DEPARTMENT OF TRANSPORTATION, | UNPUBLISHED OPINION |
| Appellant. | |

SMITH, C.J. — In December 2017, Matthew Aird injured his back in the course of his employment with the Ferries Division of the Washington State Department of Transportation (WSDOT). Pursuant to the Jones Act, 46 U.S.C.A. § 30104, WSDOT immediately began paying two forms of benefits: maintenance, which is day-to-day living expenses, and cure, which is the right to medical expenses. WSDOT terminated Aird's benefits three years later in January 2020, based on a finding from Aird's primary physician that Aird had reached maximum medical improvement. Another three years later, Aird sought reinstatement of benefits based on continued pain and new symptoms. The trial court granted Aird's motion to reinstate maintenance and cure. On appeal, WSDOT asserts that Aird did not plead a claim for maintenance and cure, that the trial court erred in applying the unequivocal evidence standard, and that the trial court erred in denying WSDOT's motion for a continuance.

We affirm the trial court's determination that Aird sufficiently pleaded a claim for maintenance and cure and the trial court's denial of WSDOT's motion for a continuance. We remand for the court to vacate the order reinstating the benefits until there is a determination at trial.

FACTS

Matthew Aird is a seaman employed by Washington State Ferries, a division of the Washington State Department of Transportation (WSDOT). In December 2017, while attending a mandatory meeting at WSDOT's offices, Aird slipped in the parking lot and injured his lower back. The next day, Aird began treatment for the injury and sought maintenance and cure benefits from WSDOT. Maintenance is a per diem living allowance for food and lodging comparable to what the seaman is entitled to while at sea and cure is payment of medical expenses incurred treating the seaman's injury or illness. WSDOT acknowledged the request, initiated both benefits immediately and continued providing benefits for three years.

In January 2020, Dr. Michael Welsh, Aird's treating physician, determined that Aird had reached maximum medical improvement (MMI) and signed a form stating the same. Based on Dr. Welsh's opinion, WSDOT closed Aird's claim and discontinued paying the benefits. Aird did not dispute Dr. Welsh's opinion as to MMI and initially did not contest WSDOT's discontinuation of the benefit payments.

In September 2020, Aird sued WSDOT, alleging negligent administration of his maintenance and cure claim, negligent orders, instructions, and

assignments of duties, failure to warn of known dangers, failure to provide a safe workplace, and other negligence. His petition included a request for relief in the form of maintenance and cure. Aird's complaint alleged that despite his back surgery, he was now permanently and totally disabled, that he had not worked since December 2017, and that he will not work for the rest of his work life expectancy. In July 2021, based on the stipulation of the parties, the trial court entered an order dismissing Aird's claim that WSDOT failed to properly administer maintenance and cure.

But in September 2022, Aird's surgeon, Dr. Richard Wohns, testified that he believed, based on his knowledge and experience, that Aird could benefit from further care and had not reached MMI. Given this new medical opinion, Aird moved to reinstate his maintenance and cure benefits in May 2023. WSDOT opposed the motion, asserting that Aird had not included a claim for ongoing entitlement and maintenance and cure to his complaint since the 2017 event. WSDOT sought summary judgment asserting laches, willful misconduct, and claim preclusion; the trial court denied this motion.

In July 2023, the trial court granted Aird's motion to reinstate maintenance and cure benefits. WSDOT appeals.

ANALYSIS

Discretionary Review

In response to WSDOT's appeal, Aird asserts that this court's commissioner improperly granted discretionary review of the trial court's reinstatement of his benefits because the commissioner mistakenly believed that

3

Aird did not plead a cause of action for maintenance and cure. We decline to reach this issue.

Under RAP 17.7(a), an aggrieved party can object to a commissioner's ruling only by filing a motion to modify the ruling with the "judges of the court served by the commissioner." The motion must be filed within 30 days of the now-challenged ruling. RAP 17.7(a).

Here, the commissioner issued the ruling granting discretionary review in December 2023. Aird has not moved to modify that ruling.

Reinstatement of Maintenance and Cure

WSDOT argues that the trial court erred in considering Aird's request for reinstatement of maintenance and cure because Aird did not plead a cause of action for maintenance and cure. Because Aird identified the 2017 injury in the fact section of his complaint, stated that he was permanently disabled as a result, and listed maintenance and cure as damages, the trial court did not err in determining that Aird properly pleaded the claim.

We review a trial court's decisions regarding the application of civil rules for an abuse of discretion. Sprague v. Sysco Corp., 97 Wn. App. 169, 171, 982 P.2d 1202 (1999). A court abuses its discretion when its decision is manifestly unreasonable or based on untenable grounds or reasons. Summers v. Sea Mar Cmty. Health Ctrs., __ Wn. App. __, 541 P.3d 381, 389 (2024). The standard is extremely deferential and we will only reverse a trial court decision if the decision applies the wrong legal standard, relies on unsupported facts, or adopts a view

no reasonable person would take. Hoffman v. Kittitas County, 4 Wn. App. 2d 489, 495, 422 P.3d 466 (2018), aff'd, 194 Wn.2d 217, 449 P.3d 277 (2019).

Washington is a notice pleading state. Burchfiel v. Boeing Corp., 149 Wn. App. 468, 495, 205 P.3d 145 (2009). Under CR 8(a)(1), a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint fails to meet this standard only if it does not give the opposing party fair notice. Champagne v. Thurston County, 163 Wn.2d 69, 84, 178 P.3d 936 (2008). Therefore, " 'even silly or trivial . . . claims can easily survive . . . where the plaintiff pleads facts that put the defendant on notice of [their] claim, however vague or lacking in detail these allegations may be.' " Thomson v. Doe, 189 Wn. App. 45, 59, 356 P.3d 727 (2015) (quoting Doe No. 1 v. Cahill, 884 A.2d 451, 456 (Del. 2005)).

Here, Aird sought "maintenance, cure, and unearned wages" as damages in both his original and amended complaints. WSDOT answered those complaints, acknowledging that it paid maintenance and cure benefits immediately following Aird's injury and stating that Aird's entitlement to further benefits "is a legal matter for the Court to decide." Because WSDOT recognized that maintenance and cure benefits are a legal matter for the court to consider, it is contradictory for it to now argue that it did not receive notice that Aird sought those benefits. The complaint provided sufficient information that those benefits were at issue. The fact that Aird did not request immediate reinstatement of maintenance and cure benefits until 2022, after he obtained a medical opinion to support his contention, is not determinative as to whether he pleaded the issue.

5

Given that the abuse of discretion standard is a high bar when it comes to overruling a trial court's decision and how little is required in Washington for a claim to be appropriately plead, it was well within the trial court's discretion to determine that WSDOT had notice and Aird properly pleaded his claim.

The trial court did not err in considering Aird's request for reinstatement of maintenance and cure.

Unequivocal Evidence Standard

WSDOT contends that the trial court applied the incorrect legal standard in reinstating Aird's maintenance and cure benefits. Aird argues that the court did not err because the Washington Supreme Court determined in Dean v. Fishing Company of Alaska, Inc., 177 Wn.2d 399, 405-06, 300 P.3d 815 (2013), that to terminate the benefits, a ship owner must prove maximum medical improvement by unequivocal evidence. The trial court erred in reinstating Aird's maintenance and cure benefits based on the unequivocal evidence standard because the circumstances here are distinguishable from Dean and because the trial court held that the determination of maximum medical improvement was a genuine issue of material fact for the jury to decide.

"The application of an incorrect legal standard is an error of law that we review de novo." Dean, 177 Wn.2d at 405. We also review a trial court's grant or denial of summary judgment de novo. Dean, 177 Wn.2d at 405.

General maritime law requires that a shipowner provide maintenance and cure to a seaman who is ill or injured while " 'in the service of a ship.' " Dean, 177 Wn.2d at 405-06 (quoting Vella v. Ford Moto Co., 421 U.S. 1, 3, 95 S. Ct.

6

1381, 43 L. Ed. 2d 682 (1975)).  A seaman establishes his right to maintenance and cure by proving by a preponderance of evidence: (1) that he was a seaman; (2) his illness or injury occurred, was aggravated, or manifested itself while in the service of a vessel; (3) the wages to which he is entitled; and (4) the expenditures for medicine, medical treatment, board, and lodging.  Mai v. Am. Seafoods Co., LLC, 160 Wn. App. 528, 538-39, 249 P.3d 1030 (2011).

The seaman does not need to provide any evidence of negligence or fault on the part of the employer.  Mai, 160 Wn. App. at 539.  Once established, the entitlement to maintenance and cure lasts until the seaman reaches MMI or cure. Mai, 160 Wn. App. at 539.  MMI is reached " 'when the seaman recovers from the injury, the condition permanently stabilizes or cannot be improved further.' " Dean, 177 Wn.2d at 406 (quoting McMillan v. Tug Jane A. Bouchard, 885 F. Supp. 452, 459 (E.D.N.Y. 1995)).

"A seaman's initial entitlement to maintenance and cure presents legal questions that can properly be resolved on summary judgment."  Dean, 177 Wn.2d at 412.  Summary judgment is appropriate when there is "no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law."  CR 56(c).

WSDOT asserts that the trial court applied the wrong legal standard in reinstating maintenance and cure and argues that, because this is a new claim, the court should have applied the standard for summary judgment.  Relying on Dean, Aird claims that the Washington Supreme Court has adopted the

7

unequivocal evidence standard for similar cases requesting reinstatement. Dean is distinguishable.

In Dean, Ian Dean was injured while working on a fishing vessel owned by the Fishing Company of Alaska (FCA). 177 Wn.2d at 403. FCA immediately began paying maintenance and cure. Dean, 177 Wn.2d at 402. Three years after the incident, FCA hired a physician to examine Dean's injury. Dean, 177 Wn.2d at 403. The FCA physician determined that Dean had reached MMI and FCA stopped paying the benefits. Dean, 177 Wn.2d at 403. Dean's treating physician, however, believed that Dean would benefit from further treatment. Dean, 177 Wn.2d at 403. No delay occurred between FCA terminating benefits and Dean filing suit. Considering the contradiction between physicians, and FCA's role in it, the Dean court stated that if a shipowner unilaterally decides to stop paying the benefits based on its own determination of MMI, the shipowner has to prove MMI with unequivocal evidence. Dean, 177 Wn.2d at 409-10.

In contrast, here, Aird's treating physician determined that he had reached MMI and did so without prompting from WSDOT. Aird did not immediately dispute his physician's opinion and no medical professional contradicted the determination. Relying on this uncontested evidence, no reason existed for WSDOT to continue to pay the benefits. It was not until three years later that Aird contested WSDOT's termination of benefits. Because WSDOT did not unilaterally terminate Aird's benefits, the standard announced in Dean does not apply here. The trial court erred in applying the unequivocal evidence standard.

The trial court also erred in reinstating the benefits because it determined that a genuine issue of material fact existed as to whether Aird's 2023 claim was a new claim for maintenance and cure or if it stemmed from the original injury. When Aird first sued WSDOT in September 2020, the only medical opinion presented was Dr. Welsh's January 31, 2020 chart note which indicated that Aird had reached MMI. Without a contrasting medical declaration, Aird did not have evidence to support his assertion that he had not reached MMI and to request the reinstatement of benefits. It was not until late 2022 that Dr. Wohns testified to proposed treatments that were an extension of the treatments previously provided to Aird and, in doing so, provided the medical evidence to support Aird's motion. Aird suggests that his motion contains evidence which proves he never reached MMI, while WSDOT asserts that it is an entirely new injury claim.

Given these contradicting perspectives, the trial court specifically stated, "I find that there are material issues of fact here as to whether or not [Aird] reached maximum medical improvement . . . [t]hat's for the trier of fact to decide." The error arose, however, when the court went on to state that it "c[ould not] find that the defense has provided unequivocal evidence that [Aird] has reached maximum cure." The court then used that determination to reinstate Aird's benefits. In relying on the wrong standard, the court stepped into the role it had just set for the jury. Had the court used the summary judgment standard, the question of reinstatement would have remained properly with the trier of fact.

The trial court erred in applying Dean's unequivocal evidence standard in reinstating Aird's maintenance and cure benefits.

9

Continuance

WSDOT asserts that the trial court erred in denying its motion to continue to investigate Aird's new claim for maintenance and cure. Because WSDOT does not state what evidence would be established through the additional discovery, and the court found that material issues of fact existed, the trial court did not abuse its discretion in denying the motion.

We review a trial court's ruling on a motion for a continuance for an abuse of discretion. Keck v. Collins, 181 Wn. App. 67, 82, 325 P.3d 306 (2014), aff'd, 184 Wn.2d 358, 357 P.3d 1080 (2015)). A trial court abuses its discretion if its decision is manifestly unreasonable or based on untenable grounds or reasons. Summers, 541 P.3d at 389. A court's decision is manifestly unreasonable if the court adopts a view that no reasonable person would take. PowerCom, Inc. v. Valley Elec. Co. of Mt. Vernon, Inc., __ Wn. App. __, 540 P.3d 1181, 1184 (2024).

CR 56(f) provides that a trial court "may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just." However, a trial court may deny a motion for a continuance if " '(1) the requesting party does not offer a good reason for the delay in obtaining the desired evidence; (2) the requesting party does not state what evidence would be established through the additional discovery; or (3) the desired evidence will not raise a genuine issue of material fact.' " Keck, 181 Wn. App. at 87-88 (internal quotation marks omitted) (quoting Tellevik v. Real

10

Property Known As 31641 W. Rutherford St., 120 Wn.2d 68, 90, 838 P.2d 111 (1992)).

WSDOT argues that it should be granted an opportunity to investigate Aird's new request for maintenance and cure and therefore, that the trial court erred in denying WSDOT's motion to continue. But WSDOT fails to state what evidence it might be likely to find and the trial court specifically found that a genuine issue of material fact exists as to whether this claim arose from a new injury or was related to Aird's original injury. Because this is an issue for the trier of fact, not the court, nothing that WSDOT would be able to provide through the requested discovery, articulated at the time of the request or not, would allow the court to make the ultimate decision. As a result, WSDOT cannot offer a valid reason for delaying proceedings further. The trial court did not abuse its discretion in denying WSDOT's motion for a continuance.

### Attorney Fees

Aird requests fees at trial and on appeal under the rule announced in Clausen v. Icicle Seafoods, Inc., 174 Wn.2d 70, 272 P.3d 827 (2012), which provides that when a maritime employer withholds maintenance and cure, it must pay the worker's attorney fees for successfully securing the right to those benefits. We decline to award fees because the question of whether WSDOT has withheld benefits must be answered by a jury.

RAP 18.1 provides that applicable law may grant a party the right to recover reasonable attorney fees or expenses on review. Clausen provides that,

11

under general maritime law, a finding that an employer willfully withheld maintenance and cure is a basis for recovering attorney fees.  174 Wn.2d at 77.

Aird asserts that he is entitled to fees at trial and on appeal because WSDOT withheld his maintenance and cure benefits.  But the trial court determined that whether WSDOT actually withheld benefits is a question for the trier of fact.  As previously noted, WSDOT began paying maintenance and cure as soon as Aird informed it of his injury and terminated the benefits when Aird's treating physician determined he had reached MMI.  Aird now asserts, however, that he had not reached MMI and is still entitled to benefits.  Because the question of whether Aird actually reached MMI is a genuine issue of material fact for the jury to determine, it is not appropriate to award fees.

We affirm the trial court's determination that Aird sufficiently pleaded a claim for maintenance and cure and the trial court's denial of WSDOT's motion for a continuance.  We remand for the court to vacate the reinstatement of benefits pending determination at trial.

_Smith, C.J._

WE CONCUR:

_Mann, J._          _Dwyer, J._